FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2009 SEP 14 PM 1: 07

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:08CR3141 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLEA AGREEMENT** |
| PATRICK SCHROEDER, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America and Defendant, PATRICK SCHROEDER, agree to the following:

### NATURE OF CRIME AND PENALTIES

1. The Defendant will plead guilty to Count I of the Indictment. Count 1 charges a violation of Title 18, United States Code, Sections 2113(a) and (d). The Defendant understands that by entering this plea of guilty as to Count I, the Defendant is exposed to imprisonment of not more than 25 years, a fine of $250,000, both such fine and imprisonment, a term of supervised release of not more than 5 years, and a $100 special assessment.

2. In exchange for the Defendant's plea of guilty as indicated above, the United States agrees as follows:

   a. If the Defendant is found to be entitled to an offense level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the Court reduce the Defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

   b. The United States will move to dismiss Counts II and III at the time of sentencing.

1

## COOPERATION PROVISIONS

3. Cooperation by the Defendant with the United States is not anticipated by this agreement, and the Defendant understands that a different document would have to be signed should both parties desire the Defendant to cooperate in the future.

## BREACH OF AGREEMENT

4. Should it be concluded by the United States that the Defendant has violated this plea agreement, the Defendant understands and agrees the Defendant shall then be subject to prosecution for any federal, state, or local criminal violation and any crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the Defendant.

5. In the event the Defendant violates any term or condition of this agreement, the Defendant shall not, because of such violation of this agreement, be allowed to withdraw the Defendant's plea of guilty.

## SENTENCING ISSUES

6. Unless otherwise stated, all agreements as to Sentencing Issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

 a. Pursuant to Rule 11(c)(1)(C), the parties agree that the Defendant will be sentenced to a term of imprisonment of 111 months. All other terms of the Defendant's sentence, including the terms of supervised release, are left to the discretion of the sentencing court and will be determined at the time of sentencing.

## SCOPE OF THE AGREEMENT AND OTHER PROVISIONS

7. This agreement is limited to the United States Attorney's Office for the District of

Nebraska, and does not bind any other federal, state or local prosecuting authorities.

8.  By signing this agreement, the Defendant agrees that the time between the date the Defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The Defendant stipulates that such period of delay is necessary in order for the Defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the Defendant and the public in a speedy trial.

9.  The Defendant agrees that all information known by the office of United States Pretrial Services may be used by the Probation Office in submitting its pre-sentence report, and may be disclosed to the Court for purposes of sentencing.

10. The United States may use against the Defendant any disclosure(s) the Defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the Defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

11. Pursuant to 18 U.S.C. § 3013, the Defendant will pay to the Clerk of the District Court the mandatory special assessment of $100.00 for each felony count to which the Defendant pleads guilty. The Defendant will make this payment at or before the time of sentencing.

12. By signing this agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5).

13. This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

14. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

UNITED STATES OF AMERICA

JOE W. STECHER
United States Attorney

9-14-09
Date

STEVEN A. RUSSELL
ASSISTANT UNITED STATES ATTORNEY

9-11-09
Date

PATRICK SCHROEDER
DEFENDANT

9-11-09
Date

MICHAEL HANSEN
ASSISTANT FEDERAL PUBLIC DEFENDER
ATTORNEY FOR DEFENDANT

*Rev. 7/2008*

4